STATE OF MISSISSIPPI, EX REL. JOB. B. GREAVES, DISTRICT ATTORNEY, v. JOHN C. CAVETT.

MUNICIPALITIES. *Code* 1892, § 3026. *Mayor. Aldermen. Eligibility.*

The provision of code 1892, § 3026, rendering the mayor and aldermen ineligible to succeed themselves or each other, in case of an unauthorized increase of municipal indebtedness, being penal, must be strictly construed, and does not embrace

(a) Involuntary obligations, as judgments against the municipality for torts; nor,

(b) Charges fixed by law, such as the salaries of officers; nor,

(c) Transfers of money from one fund to another; nor,

(d) Expenditures of funds for a purpose other than that for which they had been set aside; but

(e) The indebtedness meant is one created by contract or ordinance participated in or voted for by the mayor and aldermen, whose eligibility is in question.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

The state, on the relation of the district attorney, appellant, was the plaintiff in the court below; Cavett, appellee, was defendant there. Cavett was an alderman of the city of Jackson in the latter part of the year 1900, having been elected to fill an unexpired term. He was re-elected in November, 1900, for a full term, beginning in January, 1901, and entered upon the duties of the office for the full term on the seventh day of January, 1891. Thereupon this suit, a *quo warranto* proceeding, was instituted on the same day to test his eligibility to the

office. The information was predicated of the idea of an un-authorized increase of the city's indebtedness, under code 1892, § 3026, during the preceding term of office. It, however, stated the facts, which are clearly inferable from the opinion of the court. A demurrer to the information was sustained by the court below, and the plaintiff appealed to the supreme court.

*Frank Johnston, Sterling & Harris,* and *J. B. Greaves,* district attorney, for appellant.

*Alexander & Alexander,* and *McWillie & Thompson,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The clause in § 3026 of the code of 1892, herein involved, imposes a very severe penalty, and must be strictly construed. We do not think the indebtedness referred to embraces involuntary obligations, such as judgments against the city for torts. Nor does it embrace charges fixed by law, such as the salaries of the officers. It is perfectly obvious that a mere transfer of funds, however improper, in no way increases the indebtedness of the city. For such abuses the law furnishes adequate and appropriate remedies. But such transfers do not increase the indebtedness of the city at all. Nor does the fact that such transfers, and the expenditures for one purpose of funds set apart for another, create a deficit so that salaries—charges fixed by law—cannot be paid, constitute an increase of indebtedness in the sense of this statute. We think it is clear that the indebtedness meant is an indebtedness created by contract or ordinance, participated in or voted for by the alderman or mayor sought to be ousted. It is obviously impossible that the legislature could have meant that an alderman who was in the minority, and voted against the ordinance ·increasing the indebtedness, should be ineligible. It was, therefore, essen-

tial that the information should have averred that appellee voted for some ordinance or participated in some contract increasing the indebtedness. This neither the information nor the amended information alleges. And, indeed, it is obvious it could not be alleged consistently with the facts. It is plain that the only debt counted on by the information as having been an addition to the general indebtedness of the city is the $4,000 contracted to be paid the American Fire Engine Company. But the ordinance creating this indebtedness, the information avers, was passed July 3, 1900, and the contract, in pursuance of it, executed July 14, 1900, before appellee's induction into office.

The fourth and fifth grounds of demurrer were well assigned, and the judgment is correct. This view makes it unnecessary to consider the constitutionality of the statute in the particular reviewed.

*Affirmed.*